IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH RAY BROWN, (TDCJ-CID #334618) | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. H-10-4824 |
| RICK THALER, | § § § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

The petitioner, Kenneth Ray Brown, seeks habeas corpus relief under 28 U.S.C. § 2254. For the reasons discussed below, this petition is dismissed for lack of jurisdiction because it is a successive petition filed without permission from the Fifth Circuit Court of Appeals.

**I.   Background**

State-court records show that Brown was convicted of murder and sentenced to life imprisonment in TDCJ in 1982. (Cause Number 348755). The Texas Court of Criminal Appeals reversed and remanded. The conviction was affirmed by the Tenth Court of Appeals in Waco, Texas, on January 21, 1988. Brown did not file a petition for discretionary review after the affirmance on remand. In January of 2004, he sought a writ of mandamus from the Texas Court of Criminal Appeals, which was denied. Records of the Texas Court of Criminal Appeals show that Brown unsuccessfully pursued state habeas relief in 1997 and 1999.

In 2000, Brown filed a federal petition challenging his conviction in Cause Number 348755, the same sentence he attacks in the instant petition. Brown filed this earlier federal petition, Civil

Action Number 6:00-0064, on February 4, 2000. On May 23, 2000, the United States District Court for the Eastern District of Texas dismissed the petition as untimely and, alternatively, as meritless.

Brown filed the instant petition on October 15, 2010. The threshold issue is whether this court has jurisdiction to consider this federal petition.

## II. Discussion

The issue of whether a habeas corpus petition is successive may be raised by the district court on its own. *Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). The federal court dismissed Brown's earlier federal petition in Civil Action Number 6:00-0064. In federal court, dismissals based on the statute of limitations are final adjudications on the merits. *See Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.,* 880 F.2d 818, 819-20 (5th Cir. 1989); *Villanueva v. United States,* 346 F.3d 55, 61 (2d Cir. 2003); *Parker v. Dinwiddie,* 2007 WL 4290003 (10th Cir. 2007); *In re Flowers,* 595 F.3d 204 (5th Cir. 2009).

Under these authorities, this court lacks jurisdiction to consider Brown's habeas application because it is a successive application. The Fifth Circuit must first authorize a district court to consider the application before it is filed in the district court. Title 28 U.S.C. § 2244(b)(3)(A) (1998) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." There is no indication on the record that the United States Court of Appeals for the Fifth Circuit has authorized this court to consider Brown's successive application. This court lacks jurisdiction to consider Brown's habeas claims.

### III.     Conclusion

Brown's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed for lack of jurisdiction. Any remaining pending motions are denied as moot.

The showing necessary for a certificate of appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel*, 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack*, 529 U.S. at 484). Brown has not made the necessary showing. A certificate of appealability is denied.

SIGNED on January 11, 2011, at Houston, Texas.

*[signature]*

Lee H. Rosenthal
United States District Judge
